# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DONALD DEARDORFF,  Petitioner, | : : : |
| vs. | : : CIVIL ACTION NO. 17-00450-JB-MU |
| TERRY RAYBON, Warden,  Respondent. | : : : : |

## ORDER

This matter is before the Court on Petitioner's Federal Rule of Civil Procedure 59(e) Motion to Alter or Amend the Court's Judgment denying his Petition for Writ of Habeas Corpus.[1] (Doc. 22). The Court has reviewed the motion, as well as the State's response (Doc. 26) and Deardorff's reply (Doc. 27). For the reasons discussed herein, the motion is **DENIED**.

**I.      Procedural Background.**

On September 30, 2022, the undersigned entered an Order (Doc. 20) and Judgment (Doc. 21) denying Donald Deardorff's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in its entirety. (Doc. 1). The ruling did grant a certificate of appealability ("COA") on one presented issue, Claim 1.e., whether counsel rendered ineffective assistance during the penalty phase for failing to locate and present mitigation evidence and failing to prepare witnesses called. (Doc. 20 at 113).

---

[1] At the same time he filed his Rule 59(e) motion, Petitioner also filed a notice of appeal, which generally divests a district court of jurisdiction to take any action in a case except in aid of the appeal. *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013). However, the filing of a timely Rule 59(e) motion renders a notice of appeal ineffective until the district court enters an order dismissing the motion. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 745-46 (11th Cir. 2014). Thus, a district court retains jurisdiction to consider a timely Rule 59(e) motion despite a Petitioner's filing of a notice of appeal.

Deardorff now moves for reconsideration of three specifically enumerated aspects of the September 30 Order and Judgement. Deardorff requests the following relief: (1) reconsideration of his claim that counsel rendered ineffective assistance by failing to seek suppression of his October 1, 1999 statements on Fourth Amendment grounds; (2) reconsideration of his claim that counsel rendered ineffective assistance by failing to object to the admission of "a document purporting to be a codicil to Ted Turner's will, which contained the notation 'Reaffirmed 7/27/99 just in case Don Deardorff is really crazy'" (Doc. 22 at 14); and (3) reconsideration of his claim that the Alabama courts' interpretation of the heinous, atrocious, and cruel ("HAC") aggravator violates due process. (Doc. 22). Alternatively, Deardorff requests that if Rule 59(e) relief is not granted that the Court expand its Certificate of Appealability to include the presented issues to the Court of Appeals. (*Id.*).

**II.     Legal Standard for Motion to Reconsider.**

The Eleventh Circuit has summarized the limited scope of relief that is available to a litigant under Rule 59(e):

> "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."); *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed."); *Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, at *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing

party thinks the District Court got it wrong"). "They are neither appeal substitutes nor a 'dry run' to test arguments in anticipation of a forthcoming appeal." *Lee v. Thomas*, 2012 WL 3137901, at *2 (S.D. Ala. Aug. 1, 2012).

To prevail on a motion to reconsider, "[t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so compelling that the court was required to grant the motion." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (citations and internal marks omitted).

**III.   Analysis.**

Turning to Deardorff's current motion, it is imperative to keep in mind the posture of this case – that is, Deardorff petitioned this Court for habeas relief pursuant to 28 U.S.C. § 2254. This statute "imposes important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." *Shoop v. Hill*, 139 S. Ct. 504, 506 (2019). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Greene v. Upton*, 644 F.3d 1145, 1154 (11th Cir. 2011) (citation omitted). Rather, "[t]o obtain habeas relief a state prisoner must show that the state court's ruling on the claim being presented in the federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Evans v. Secretary, Dep't of Corrections*, 703 F.3d 1316, 1326 (11th Cir. 2013) (citations omitted). Under § 2254(d) deference, "only if there is no possibility fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents may relief be granted." *Johnson v. Secretary, DOC*, 643 F.3d 907, 910 (11th Cir. 2011) (citation and internal quotation marks omitted); *see also Holsey v. Warden, Georgia Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir.

2012) ("if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied") (citation omitted). "If this standard is difficult to meet, that is because it was meant to be." *Holsey*, 694 F.3d at 1257 (citation omitted); *see also Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011) ("[T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear."). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (citation and internal quotation marks omitted).

It is under this highly deferential standard that Deardorff's habeas petition was denied.

### A. Reconsideration of Counsel's Failure to Seek Suppression of "Confession" Statement(s) made October 1, 1999.

Petitioner Deardorff's first ground for seeking relief under Rule 59(e) relates to Claim I of his habeas petition, which is addressed as Claim 1.a. in the September 30 Order. (*See* Doc. 20 at 16-28). Deardorff asserts that the Court applied the wrong standard in concluding the Alabama Court of Criminal Appeals correctly dismissed the claim for failure to adequately establish prejudice under *Strickland* and, alternatively, that the claim lacked merit.

The standard by which ineffective assistance of counsel claims should be adjudged was set out by the United States Supreme Court, nearly 40 years ago, in *Strickland v. Washington*, where the Court noted that any deficient performance by counsel must be shown to have prejudiced the defense with errors so serious that defendant was deprived of a fair trial. 466 U.S. 668, 687 (1984) ("This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. The Court declared "the appropriate test" for determining prejudice is

that the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The Court further stated:

> When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. When a defendant challenges a death sentence such as the one at issue in this case, the question is whether there is a reasonable probability that, absent the errors, the sentencer—including an appellate court, to the extent it independently reweighs the evidence—would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.
>
> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id*. at 695–96. It is pursuant to this *Strickland* standard that this Court reviewed Deardorff's claim, reasoning:

> Here, Deardorff has made no reference to the abundant evidence admitted at trial, which the jury heard, that connected Deardorff to and implicated his guilt in the kidnapping and murder of Turner. Taking the record as a whole, the exclusion of the two "confessional" statements would not have altered the outcome of the trial, and Deardorff has provided no facts, and only conclusory allegations (in both his state court petitions and the current habeas petition) to suggest otherwise. Thus, the ACCA's determination that Deardorff's Amended Petition failed to sufficiently plead such facts was not contrary to, not did it involve an unreasonable application of, clearly established federal law.

(Doc. 20 at 21). Stated another way, Deardorff failed to establish a reasonable probability; that is "a probability sufficient to undermine confidence in the outcome"; that had counsel obtained

5

suppression of his two confessional statements "the result of the proceeding would have been different." 466 U.S. at 694. Accordingly, under AEDPA, the ACCA's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).

Deardorff also asserts that the Court erred in addressing the merits of his underlying suppression claim, where the Alabama Court of Criminal Appeals denied the claim as insufficiently pled. Assuming arguendo the Court did so err, it is harmless under these circumstances, as the Court clearly analyzed the ACCA's decision against the AEDPA standard, determining Deardorff failed to satisfy the conditions of §2254(d)(1) or (2). The Court, furthermore, is not persuaded by Deardorff's claim that the state court's decision was not a decision on the merits entitled to AEDPA deference for the reasons stated in the Order denying habeas relief. (*See* Doc. 20 at 17). Deardorff is therefore denied Rule 59(e) relief.

### B. Reconsideration of Ineffective Assistance of Counsel for Failure to Object to the Admission of Codicil on Confrontation Grounds.

Petitioner Deardorff's second ground for seeking relief relates to Claim II of his habeas petition, addressed as Claim 1.b. in the September 30 Order. (*See* Doc. 20 at 28-38).

The record reflects that the codicil was admitted for the purpose of explaining how and why Deardorff became a person of interest in the investigation of the victim's disappearance. (Doc. 20 at 32). In requesting reconsideration of the denial of this claim, Deardorff appears to ignore the Court's analysis and explanation that this "course of investigation" rationale is consistent with the Confrontation Clause. In other words, based on current law, testimonial statements offered for purposes other than establishing the truth of the matter asserted do not run afoul of the Confrontation Clause. (*See* Doc. 20 at 32-33). Thus, the testimonial nature of the codicil becomes

6

irrelevant - if it is considered an exception to the hearsay rule. Additionally, and what Deardorff fails to mention in his request for reconsideration, Deardorff failed to carry his burden to establish prejudice in light of the abundant evidence put forth by the State. *See United States v. Florez*, 516 F. App'x 790, 794 (11th Cir. 2013) (Based on the evidence supporting his conviction, the admission of evidence explaining why law enforcement started an investigation, though later used as substantive evidence of his guilt, did not affect the petitioner's substantial rights.). Accordingly, Deardorff is not entitled to Rule 59(e) relief.

### C. Reconsideration that Alabama Courts' Interpretation of the Heinous, Atrocious, and Cruel ("HAC") Aggravator Violates Due Process.

Petitioner Deardorff's final ground for relief relates to Claim VIII of his habeas petition, addressed as Claim 4 in the September 30 Order. In his petition, Deardorff claims that Alabama broadened the scope of the HAC aggravating factor in *Ex parte Bankheaed*, 585 So. 2d 112, 125 (Ala. 1991), by eliminating the last five words of the statute, "compared to other capital offenses." After a thorough review of the record, the Court determined the claim was unexhausted in the state courts and, thus, procedurally defaulted pursuant to Ala. R. Crim. P. 32.2(a)-(c) and that Deardorff failed to plead facts that would excuse the procedural default. (Doc. 20 at 105-06). Deardorff now argues, for the first time, that this claim is not procedurally defaulted because he has the ability to return to state court to exhaust the claim – through the original jurisdiction of the Alabama Supreme Court, granted by the Alabama Constitution, for the state Supreme Court "to issue such remedial writs or orders as may be necessary to give it general supervision and control of courts of inferior jurisdiction." (Doc. 22 at 19). Thus, Deardorff requests that the Court stay resolution

of the claim until it is exhausted with the Alabama Supreme Court or that the Court certify the question to the Alabama Supreme Court.[2]

Contrary to Deardorff's assertion, Alabama statutory and caselaw supports that the Alabama Supreme Court will not consider a petition for writ of habeas corpus seeking relief from a conviction or sentence, as the proper method to address such claim is by filing a Rule 32 petition in "the court in which the petitioner was convicted." ALA. R. CRIM. P. 32.5.

> For at least 30 years Alabama courts repeatedly have held that a "petition for writ of habeas corpus" filed by a prisoner to challenge his conviction should be "treated as a Rule 32 petition" that "may be addressed by the circuit court if it is the court of original jurisdiction." *Chandler v. State*, 766 So. 2d 211, 212 (Ala. Crim. App. 2000); . . .*Drayton v. State*, 600 So. 2d at 1088-1089 (citing ten cases to illustrate that Alabama "has consistently held in numerous opinions that when a petition that is styled "Petition for Writ of Habeas Corpus" is filed and the allegations raised therein are cognizable in a proceeding under Rule 32, the cause should be entertained in the court of original conviction" as a Rule 32 petition).

*Thornton v. Gordy*, at *11 (N.D. Ala. Nov. 27, 2018), *report and recommendation adopted,* 2018 WL 6725324 (N.D. Ala. Dec. 21, 2018).  Here, Deardorff has already sought postconviction relief and bringing any such postconviction petition now would fall outside the applicable limitation period and would be deemed an untimely successive petition. ALA. R. CRIM. P. 32.2.  Given that Deardorff alleges no facts, and the Court finds none, which would suggest equitable tolling is applicable or that his claim falls under any exception enumerated in Rule 32.2(b) of the Alabama Rules of Criminal Procedure, Deardorff has not established "a path via which to exhaust the claim in the state court." (Doc. 22 at 19).  For this reason, Deardorff is not entitled to Rule 59(e) relief.

---

[2] Alternatively, "To the extent this Court is unsure of the state law," Deardorff requests that the Court "certify the question – 'whether the Alabama Supreme Court has the authority to entertain an original writ of habeas corpus notwithstanding any apparent limitations in Alabama Rule of Criminal Procedure 32' – to the Alabama Supreme Court." (Doc. 22 at 19-20).  Deardorff further requests that if a stay or certification to the Alabama Supreme Court are denied, that the Court reconsider its denial of the claim and COA.

**IV.   Conclusion.**

For the foregoing reasons, Petitioner Deardorff's Motion to Alter or Amend the Court's Judgment is **DENIED.**  Furthermore, Deardorff's request that a COA be issued on the presented claim(s) is **DENIED**.

**DONE and ORDERED** this 4th day of April, 2023.

/s/ JEFFREY U. BEAVERSTOCK<br>
CHIEF UNITED STATES DISTRICT JUDGE